IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Iron Gate Hardware, LLC**<br>**578 Rosedale Road, Suite 27**<br>**Kennett Square, PA 19348**<br><br>      Plaintiff<br><br>    V.<br><br>**John Doe d/b/a Frontline Boutique**<br>**5 Lewis Circle**<br>**Wilmington, DE 19804;**<br><br>**John Doe d/b/a Armed Forces Boutique**<br>**5 Lewis Circle**<br>**Wilmington, DE 19804;**<br><br>**James Jannuzzio**<br>**1203 Arundel Drive**<br>**Wilmington, DE 19808;**<br><br>**Trevor Nix**<br>**303 Wellspring Court**<br>**Hockessin, DE 19707;**<br><br>**Dominic Malizia**<br>**133 W Main St**<br>**Newark, DE 19711;**<br><br>**Domenic South**<br>*Address unknown*; and<br><br>**Tristan Peters**<br>*Address unknown*<br><br>      **Defendants** | CIVIL ACTION NO.:<br><br>2:22-cv-01132-CFK<br><br>JURY TRIAL DEMANDED |

**AMENDED COMPLAINT**

1

Plaintiff Iron Gate Hardware, LLC ("Plaintiff"), by and through its undersigned attorneys, for its Complaint against defendants John Doe d/b/a Frontline Boutique, John Doe d/b/a Armed Forces Boutique, James Jannuzzio, Trevor Nix, Dominic Malizia, Domenic South and Tristan Peters ("Defendants"), alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking injunctive and monetary relief for Defendants' infringement of Plaintiff's copyrights in Plaintiff's jewelry designs (the "Copyrighted Works").

2. All of the claims asserted herein arise out of and are based on Defendants' copying, reproduction, distribution, public display, and sale of jewelry that is copied from, derivative of, and virtually identical/substantially similar to Plaintiff's Copyrighted Works. Plaintiff sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.

3. Plaintiff seeks all remedies afforded by the Copyright Act, including preliminary and permanent injunctive relief, Plaintiff's damages and Defendants' profits from Defendants' infringing conduct, and other monetary relief.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because Defendants conduct business in this District by advertising and shipping infringing goods to this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

4419343v2
091815.70579

## PARTIES

6. Plaintiff Iron Gate Hardware, LLC is a limited liability company formed under the laws of Pennsylvania and has its principal place of business in Kennett Square, Pennsylvania.

7. Upon information and belief, Defendant John Doe d/b/a Frontline Boutique is an online retailer of jewelry that is manufacturing and selling jewelry, including in this District, improperly incorporating Plaintiff's Copyrighted Works without Plaintiff's consent, or is otherwise liable for secondary infringement. The true names, whether corporate, individual, or otherwise, of John Doe d/b/a Frontline Boutique are presently unknown to Plaintiff, and therefore is being sued by such fictitious name, and Plaintiff will seek leave to amend this Complaint to include the true names and capacities when the same have been ascertained.

8. Upon information and belief, Defendant John Doe d/b/a Armed Forces Boutique is an online retailer of jewelry that is manufacturing and selling jewelry improperly incorporating Plaintiff's Copyrighted Works without Plaintiff's consent, or is otherwise liable for secondary infringement. The true names, whether corporate, individual, or otherwise, of John Doe d/b/a Armed Forces Boutique are presently unknown to Plaintiff, and therefore is being sued by such fictitious name, and Plaintiff will seek leave to amend this Complaint to include the true names and capacities when the same have been ascertained.

9. Upon information and belief, Defendant James Jannuzzio is an individual residing in Wilmington, Delaware and is a principal of Defendants John Doe d/b/a Frontline Boutique and John Doe d/b/a Armed Forces Boutique, has control over the day-to-day operations thereof, has directed the acts of copyright infringement alleged herein and directly benefits therefrom.

10. Upon information and belief, Defendant Trevor Nix is an individual residing in Hockessin, Delaware and is a principal of Defendants John Doe d/b/a Frontline Boutique and John Doe d/b/a Armed Forces Boutique, has control over the day-to-day operations thereof, has

4419343v2
091815.70579

directed the acts of copyright infringement alleged herein and directly benefits therefrom.

11. Upon information and belief, Defendant Dominic Malizia is an individual residing in Newark, Delaware and is a principal of Defendants John Doe d/b/a Frontline Boutique and John Doe d/b/a Armed Forces Boutique, has control over the day-to-day operations thereof, has directed the acts of copyright infringement alleged herein and directly benefits therefrom.

12. Upon information and belief, Defendant Domenic South is an individual, address unknown, and is a principal of Defendants John Doe d/b/a Frontline Boutique and John Doe d/b/a Armed Forces Boutique, has control over the day-to-day operations thereof, has directed the acts of copyright infringement alleged herein and directly benefits therefrom.

13. Upon information and belief, Defendant Tristan Peters is an individual, address unknown, and is a principal of Defendants John Doe d/b/a Frontline Boutique and John Doe d/b/a Armed Forces Boutique, has control over the day-to-day operations thereof, has directed the acts of copyright infringement alleged herein and directly benefits therefrom.

14. Upon information and belief, at all times relevant to this action, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein with full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff caused thereby.

4419343v2
091815.70579

## FACTS

**Plaintiff's Copyrighted Works**

15. Plaintiff is a designer and creator of jewelry whose jewelry pieces are sold online though websites and online marketplaces such as Facebook.

16. Plaintiff's employee ("Employee") authored each of the Copyrighted Works in 2020 as part and within the scope of Employee's employment with Plaintiff. Employee created the Copyrighted Works in accordance with the directions given by Plaintiff, including within the authorized time and space limits set by Plaintiff, using equipment supplied by Plaintiff, and Employee's motivation in creating the works was to benefit Plaintiff. Further, Employee is a W-2 employee of Plaintiff, is paid a salary and receives benefits from Plaintiff, is provided workspace and tools by Plaintiff, works according to a regular schedule set by Plaintiff, has worked for Plaintiff for many years and is otherwise treated in all respects as an employee of Plaintiff. Because the Copyrighted Works are works made for hire within the scope of Employee's employment with Plaintiff, Plaintiff owns any and all copyright rights in the Copyrighted Works. A true and correct photograph of each of the Copyrighted Works is attached hereto as part of **Exhibits A-G**. [1]

17. The Copyrighted Works are original works of authorship created exclusively by Plaintiff, contain original elements and an original selection and arrangement of elements and are

---

[1] As described herein, Plaintiff is the owner of U.S. Copyright Registrations for each of the Plaintiff's Copyrighted Works.  Each certificate of registration states that the work covered by the registration is a work made for hire.  Pursuant to 17 U.S.C. § 410, "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." This extends to the statement that the work in question was made for hire. *See, e.g.* , *Capitol Records, Inc. v. MP3Tunes, LLC* , 821 F.Supp.2d 627, 647 (S.D.N.Y. 2011) (noting in a situation where company produced registrations listing works as "works for hire" that opponent "bears the burden of proving the works were not 'made for hire' "); *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.* , 994 F.2d 1476, 1487 (10th Cir. 1993) (same), *cert. denied* , 510 U.S. 916, 114 S.Ct. 307, 126 L.Ed.2d 254 (1993).

not similar to other works (with the exception of Defendants' Infringing Works which are copied from the Copyrighted Works), and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Works.

18. Plaintiff is the owner of valid and subsisting U.S. Copyright Registrations for each of Plaintiff's Copyrighted Works, including United States Copyright Registration Nos.:

**VA 2-273-792**, for Army Mom Necklace, issued by the United States Copyright Office effective on October 27, 2021 (**Exhibit A**);

**VA 2-274-878**, for Blue Opal Caduceus Ring, issued by the United States Copyright Office effective on November 9, 2021 (**Exhibit B**);

**VA 2-273-409**, for Blue Opal Hand Flying Heart Gesture Necklace, issued by the United States Copyright Office effective on October 25, 2021 (**Exhibit C**);

**VA 2-285-142**, for Blue Opal Hand Heart Gesture Necklace, issued by the United States Copyright Office effective on January 27, 2022 (**Exhibit D**);

**VA 2-282-623**, for Blue Opal Heart Staff of Asclepius Necklace, issued by the United States Copyright Office effective on January 14, 2022 (**Exhibit E**);

**VA 2-282-628**, for Blue Opal She Believed She Could So She Did Medical Caduceus Necklace, issued by the United States Copyright Office effective on January 14, 2022 (**Exhibit F**);

**VA 2-282-626**, for Blue Opal Staff of Asclepius Necklace, issued by the United States Copyright Office effective on January 14, 2022 (**Exhibit G**);

4419343v2
091815.70579

Attached as **Exhibits A-G** are true and correct copies of the registration certificates for each of the above registration numbers.

19. Since the creation of each of the Copyrighted Works, jewelry products based on the Copyrighted Works have been manufactured and distributed under Plaintiff's authority with tremendous success.

20. Plaintiff has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute any Copyrighted Works or any jewelry products substantially similar thereto.

**Defendants' Infringing Conduct**

21. On information and belief, Defendants are retailers, including online retailers, engaged in an online jewelry store business.

22. On information and belief, Defendants have manufactured, published, printed, publicly displayed and sold and/or caused to be manufactured, published, printed, publicly displayed and sold jewelry improperly incorporating Plaintiff's Copyrighted Works (the "Infringing Works"), which jewelry is virtually identical to, substantially similar to or derivative works based on the Copyrighted Works. On information and belief, the Infringing Works have been distributed and sold through various websites and online marketplaces such as Facebook. Attached hereto as **Exhibit N-U** are screenshots of Defendants' websites displaying and offering for sale the Infringing Works.

23. On information and belief, Defendants obtained physical possession of or otherwise viewed Plaintiff's Copyrighted Works, and knowingly and intentionally copied and/or made derivative works of the Copyrighted Works to create the Infringing Works. That Defendants copied the Copyrighted Works when they created the Infringing Works is evidenced

by the striking similarities between the Copyrighted Works and the Infringing Works, which cannot possibly be explained other than as a result of copying and Defendants' access to the Copyrighted Works as a result of the widespread dissemination of the Copyrighted Works in the United States.  Further, in each case of infringement, the Infringing Work was copied by Defendants soon after the first publication of the Copyrighted Work by Plaintiff.  Finally, intentional copying is further evidenced by the fact that there is not one Infringing Work at issue but rather seven separate Infringing Works, all identical or strikingly similar to Plaintiff's Copyrighted Works.

24. Defendants copied the Copyrighted Works without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

25. The design of the Infringing Works is identical and/or substantially similar to the Copyrighted Works as can be as can be seen from viewing and comparing:

Exhibit A **vs**. Exhibit N;

Exhibit B **vs.** Exhibit O;

Exhibit C **vs.** Exhibit P;

Exhibit D **vs.** Exhibit Q;

Exhibit E **vs.** Exhibit R;

Exhibit F **vs.** Exhibit S;

Exhibit G **vs.** Exhibit T;

26. Since Defendants copied the Copyrighted Works to create the Infringing Works, they have extensively marketed and promoted their Infringing Works and, on information and belief, the Infringing Works have generated substantial revenue for Defendants. On information and belief, Defendants continue to market, promote and sell their infringing jewelry.

4419343v2
091815.70579

27. As a result of Defendants' actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution, public display and sale of the Infringing Works. Defendants have never accounted to or otherwise paid Plaintiff for their use of the Copyrighted Works.

28. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

<strong><u>First Cause of Action</u></strong><br><strong>Federal Copyright Infringement (17 U.S.C. § 501)</strong>

29. Plaintiff repeats and realleges paragraphs 1 through 28 hereof, as if fully set forth herein.

30. The Copyrighted Works are original works of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Works. Plaintiff owns valid copyright registrations for each of the Copyrighted Works. Copies of U.S. Copyright Registration Certificates covering the Copyrighted Works are attached as Exhibits A-G.

31. Through Defendants' conduct alleged herein, including Defendants' reproduction, distribution, public display and sale of the Infringing Works, which are copied from, derivative of and substantially similar to Plaintiff's Copyrighted Works, without Plaintiff's permission, Defendants have directly infringed Plaintiff's exclusive rights in the Copyrighted Works in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

4419343v2
091815.70579

32.     On information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Works, and has enabled Defendants illegally to obtain profit therefrom.

33.     As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the Infringing Works and any other products incorporating or embodying the Infringing Works, and an accounting of and a constructive trust with respect to such profits.

34.     As a direct and proximate result of the Defendants' infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the Copyrighted Works. Plaintiff therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

### Second Cause of Action
### Contributory and/or Vicarious Copyright Infringement

35.     Plaintiff repeats and realleges paragraphs 1 through 34 hereof, as if fully set forth herein.

36.     On information and belief, Defendants, and each of them, knowingly induced, participated in, aided and abetted, and resultantly profited from the illegal reproduction, distribution, public display and sale of the Infringing Works as alleged in this Complaint.

4419343v2
091815.70579

37. On information and belief, Defendants, and each of them, are vicariously liable for copyright infringement alleged in this Complaint because they had a right to supervise such infringement and knowingly induced, participated in, directed and caused such infringement, and had a direct financial interest in the infringing conduct. For example, on information and belief, the named individual Defendants James Jannuzzio, Trevor Nix, Dominic Malizia, Domenic South and Tristen Peters sent photographs of the Copyrighted Works to a jewelry manufacturer in China requesting that reproductions be made of the Copyrighted Works with full knowledge that rights to the original designs did not belong to them and that they did not have permission to copy Plaintiff's designs.

38. On information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Works, and has enabled Defendants illegally to obtain profit therefrom.

39. As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the Infringing Works and any other products incorporating or embodying the Infringing Works, and an accounting of and a constructive trust with respect to such profits.

40. As a direct and proximate result of the Defendants' infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe

4419343v2
091815.70579

the Copyrighted Works. Plaintiff therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Iron Gate Hardware, LLC requests judgment against Defendants, jointly and severally, as follows:

1. That the Court enter a judgment against Defendants that Defendants have infringed the rights of Plaintiff's federally registered copyrights in violation of Section 501 of the Copyright Act (17 U.S.C. § 501).

2. Granting an injunction temporarily, preliminarily, and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

(a) manufacturing, reproducing, distributing, marketing, advertising, promoting, displaying or selling or authorizing any third party to manufacture, reproduce, distribute, market, advertise, promote, display or sell the Infringing Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works;

(b) engaging in any other activity that infringes Plaintiff's rights in its Copyrighted Works; and

(c) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

4419343v2
091815.70579

3. That Defendants be ordered to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct, including Defendants' profits from sales of the Infringing Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works.

4. That Defendants be ordered to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining inventory of the Infringing Works and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works, as well as all means for manufacturing them.

5. That Defendants, at their own expense, be ordered to recall the Infringing Works from any distributors, retailers, vendors, or others that have distributed the Infringing Works on Defendants' behalf, and any products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Copyrighted Works, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

6. Awarding Plaintiff:

(a) Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales and other exploitation of the Infringing Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Copyrighted Works, or in the Court's discretion, such amount as the Court finds to be just and proper;

(b) damages sustained by Plaintiff as a result of Defendants' infringing conduct, in an amount to be proven at trial;

    (c)    should Plaintiff so elect and be entitled, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits; and

    (d)    Plaintiff's reasonable attorneys' fees and costs.

    7.    Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

    8.    Awarding such other and further relief as the Court deems just and proper.

    Respectfully submitted,

Dated: April 28, 2022

/s/Michael C. Petock
MICHAEL C. PETOCK, ESQUIRE
Attorney ID No. 93,692
PETOCK & PETOCK, LLC
46 The Commons at Valley Forge
1220 Valley Forge Road
P.O. Box 217
Valley Forge, PA 19481
Telephone No. (610) 935-8600
mp@petocklaw.com

Counsel for Plaintiff Iron Gate Hardware, LLC

4419343v2
091815.70579

## CERTIFICATE OF SERVICE

      I hereby certify that on this 28h day of April, 2022, the foregoing **PLAINTIFF'S AMENDED COMPLAINT** was filed electronically and is available for viewing and downloading from the ECF system by:

                      /s/ Michael C. Petock
                      MICHAEL C. PETOCK, ESQUIRE
                      Attorney ID No. 93,692
                      PETOCK & PETOCK, LLC
                      46 The Commons at Valley Forge
                      1220 Valley Forge Road
                      P.O. Box 217
                      Valley Forge, PA 19481
                      Telephone No. (610) 935-8600
                      mp@petocklaw.com
                      Counsel for Plaintiff

4419343v2
091815.70579