## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Iron Gate Hardware, LLC**
**578 Rosedale Road, Suite 27**
**Kennett Square, PA 19348**

**CIVIL ACTION NO.:**

**Plaintiff**

**2:22-cv-01132-CFK**

**v.**

**JURY TRIAL DEMANDED**

**The Tondo Group, LLC**
**5 Lewis Circle**
**Wilmington, DE 19804;**

**Jannuzzio Enterprises, Inc.**
*Address unknown*;

**James Jannuzzio**
**1203 Arundel Drive**
**Wilmington, DE 19808;**

**Trevor Nix**
*Address unknown*;

**Dominic Malizia**
*Address unknown*;

**Domenic South**
*Address unknown*; and

**Tristan Peters**
*Address unknown*

**Defendants**

## SECOND AMENDED COMPLAINT

Plaintiff Iron Gate Hardware, LLC ("Plaintiff"), by and through its undersigned attorneys,

for its Complaint against defendants the Tondo Group, LLC, Jannuzzio Enterprises, Inc.; James

1

Jannuzzio, Trevor Nix, Dominic Malizia, Domenic South and Tristan Peters ("Defendants"),

alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action seeking injunctive and monetary relief for Defendants'

infringement of Plaintiff's copyrights in Plaintiff's jewelry designs (the "Copyrighted Works")

and in Plaintiff's copyrights covering certain customer intake forms developed by Plaintiff (the

"Additional Copyrighted Works").

2.      All of the claims asserted herein arise out of and are based on Defendants'

copying, reproduction, distribution, public display, sale and use of jewelry and customer intake

forms that are copied from, derivative of, and virtually identical/substantially similar to

Plaintiff's Copyrighted Works and Additional Copyrighted Works. Plaintiff sues for copyright

infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"),

17 U.S.C. § 101 et seq.

3.      Plaintiff seeks all remedies afforded by the Copyright Act, including preliminary

and permanent injunctive relief, Plaintiff's damages and Defendants' profits from Defendants'

infringing conduct, and other monetary relief.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this copyright infringement action pursuant to 28

U.S.C. §§ 1331 and 1338.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a)

because Defendants conduct business in this District by advertising and shipping infringing

goods to this District, and a substantial part of the events or omissions giving rise to the claim

occurred in this District.

4419343v2
091815.70579

## PARTIES

6.      Plaintiff Iron Gate Hardware, LLC is a limited liability company formed under the laws of Pennsylvania and has its principal place of business in Kennett Square, Pennsylvania.

7.      Upon information and belief, Defendant The Tondo Group, LLC is an online retailer of jewelry that is manufacturing and selling jewelry, including in this District, improperly incorporating Plaintiff's Copyrighted Works without Plaintiff's consent, or is otherwise liable for secondary infringement.  It has also recently been discovered that Defendant The Tondo Group, LLC is offering fulfillment and logistics services unlawfully utilizing customer intake forms copied from Plaintiff's Additional Copyrighted Works.

8.      Upon information and belief, Defendant Jannuzzio Enterprises, Inc. is the sole member of Defendant The Tondo Group, LLC, has control over the day-to-day operations thereof, has directed the acts of copyright infringement alleged herein and directly benefits therefrom.

9.      Upon information and belief, Defendant James Jannuzzio is an individual residing in Wilmington, Delaware, is an employee of Defendant The Tondo Group, LLC, has control over the day-to-day operations thereof, has directed the acts of copyright infringement alleged herein and directly benefits therefrom.

10.      Upon information and belief, Defendant Trevor Nix is an individual residing in Delaware and is an employee of Defendant The Tondo Group, LLC, has control over the day-to-day operations thereof, has directed the acts of copyright infringement alleged herein and directly benefits therefrom.

11.      Upon information and belief, Defendant Dominic Malizia is an individual residing in Newark, Delaware and is or was an employee of The Tondo Group, LLC, has or had

4419343v2
091815.70579

control over the day-to-day operations thereof, has directed the acts of copyright infringement alleged herein and directly benefits or benefited therefrom.

12.     Upon information and belief, Defendant Domenic South is an individual, address unknown, and is an employee of Defendant The Tondo Group, LLC, has control over the day-to-day operations thereof, has directed the acts of copyright infringement alleged herein and directly benefits therefrom.

13.     Upon information and belief, Defendant Tristan Peters is an individual, address unknown, and is an employee of Defendant The Tondo Group, LLC, has control over the day-to-day operations thereof, has directed the acts of copyright infringement alleged herein and directly benefits therefrom.

14.     Upon information and belief, at all times relevant to this action, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein with full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff caused thereby.

## **FACTS**

### **Plaintiff's Copyrighted Works**

15.     Plaintiff Iron Gate Hardware, LLC is a diverse venture that engages in product design, product development, staffing, supply chain, logistics, and order fulfillment services, including being the designer and creator of jewelry whose jewelry pieces are sold

online though websites and online marketplaces such as Facebook.

16.     Plaintiff's employee ("Employee") designed each of the Copyrighted Works in 2020 as part and within the scope of Employee's employment with Plaintiff. Employee created the Copyrighted Works in accordance with the directions given by Plaintiff, including within the authorized time and space limits set by Plaintiff, using equipment supplied by Plaintiff, and Employee's motivation in creating the works was to benefit Plaintiff.  Further, Employee is a W-2 employee of Plaintiff, is paid a salary and receives benefits from Plaintiff, is provided work-space and tools by Plaintiff, works according to a regular schedule set by Plaintiff, has worked for Plaintiff for many years and is otherwise treated in all respects as an employee of Plaintiff. Because the Copyrighted Works are works made for hire within the scope of Employee's employment with Plaintiff, Plaintiff owns any and all copyright rights in the Copyrighted Works. A true and correct photograph of each of the Copyrighted Works is attached hereto as part of **Exhibits A-G**. [1]

17.     The Copyrighted Works are original works of authorship created independently and exclusively by Plaintiff, contain original elements and an original selection and arrangement of elements and are not similar to other works (with the exception of Defendants' Infringing Works which are copied from the Copyrighted Works), and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Works.

---

[1] As described herein, Plaintiff is the owner of U.S. Copyright Registrations for each of the Plaintiff's Copyrighted Works.  Each certificate of registration states that the work covered by the registration is a work made for hire. Pursuant to 17 U.S.C. § 410, "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." This extends to the statement that the work in question was made for hire. *See, e.g.*, *Capitol Records, Inc. v. MP3Tunes, LLC*, 821 F.Supp.2d 627, 647 (S.D.N.Y. 2011) (noting in a situation where company produced registrations listing works as "works for hire" that opponent "bears the burden of proving the works were not 'made for hire' "); *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1487 (10th Cir. 1993) (same), *cert. denied*, 510 U.S. 916, 114 S.Ct. 307, 126 L.Ed.2d 254 (1993).

4419343v2
091815.70579

18.     Plaintiff is the owner of valid and subsisting U.S. Copyright Registrations for each of Plaintiff's Copyrighted Works, including United States Copyright Registration Nos.:

**VA 2-273-792**, for <u>Army Mom Necklace</u>, issued by the United States Copyright Office effective on October 27, 2021 (**Exhibit A**);

**VA 2-274-878**, for <u>Blue Opal Caduceus Ring</u>, issued by the United States Copyright Office effective on November 9, 2021 (**Exhibit B**);

**VA 2-273-409**, for <u>Blue Opal Hand Flying Heart Gesture Necklace</u>, issued by the United States Copyright Office effective on October 25, 2021 (**Exhibit C**);

**VA 2-285-142**, for <u>Blue Opal Hand Heart Gesture Necklace</u>, issued by the United States Copyright Office effective on January 27, 2022 (**Exhibit D**);

**VA 2-282-623**, for <u>Blue Opal Heart Staff of Asclepius Necklace</u>, issued by the United States Copyright Office effective on January 14, 2022 (**Exhibit E**);

**VA 2-282-628**, for <u>Blue Opal She Believed She Could So She Did Medical Caduceus Necklace</u>, issued by the United States Copyright Office effective on January 14, 2022 (**Exhibit F**);

**VA 2-282-626**, for <u>Blue Opal Staff of Asclepius Necklace</u>, issued by the United States Copyright Office effective on January 14, 2022 (**Exhibit G**);

Attached as **Exhibits A-G** are true and correct copies of the registration certificates for each of the above registration numbers.

4419343v2
091815.70579

19.     Since the creation of each of the Copyrighted Works, jewelry products based on the Copyrighted Works have been manufactured and distributed under Plaintiff's authority with tremendous success.

20.     Plaintiff has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute any Copyrighted Works or any jewelry products substantially similar thereto.

**Defendants' Infringing Conduct**

21.     On information and belief, Defendants are, *inter alia*, retailers, including online retailers, engaged in an online jewelry store business.

22.     On information and belief, Defendants have manufactured, published, printed, publicly displayed and sold and/or caused to be manufactured, published, printed, publicly displayed and sold jewelry improperly incorporating Plaintiff's Copyrighted Works (the "Infringing Works"), which jewelry is virtually identical to, substantially similar to or derivative works based on the Copyrighted Works. On information and belief, the Infringing Works have been distributed and sold through various websites and online marketplaces such as Facebook. Attached hereto as **Exhibit N-U** are screenshots of Defendants' websites displaying and offering for sale the Infringing Works.

23.     On information and belief, Defendants obtained physical possession of or otherwise viewed Plaintiff's Copyrighted Works, and knowingly and intentionally copied and/or made derivative works of the Copyrighted Works to create the Infringing Works. That Defendants copied the Copyrighted Works when they created the Infringing Works is evidenced by the striking similarities between the Copyrighted Works and the Infringing Works, which cannot possibly be explained other than as a result of copying and Defendants' access to the

Copyrighted Works as a result of the widespread dissemination of the Copyrighted Works in the United States.  Further, in each case of infringement, the Infringing Work was copied by Defendants soon after the first publication of the Copyrighted Work by Plaintiff.  Finally, intentional copying is further evidenced by the fact that there is not one Infringing Work at issue but rather seven separate Infringing Works, all identical or strikingly similar to Plaintiff's Copyrighted Works.

24.     Defendants copied the Copyrighted Works without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

25.     The design of the Infringing Works is identical and/or substantially similar to the Copyrighted Works as can be as can be seen from viewing and comparing:

Exhibit A **vs**. Exhibit N;

Exhibit B **vs.** Exhibit O;

Exhibit C **vs.** Exhibit P;

Exhibit D **vs**. Exhibit Q;

Exhibit E **vs.** Exhibit R;

Exhibit F **vs.** Exhibit S;

Exhibit G **vs.** Exhibit T;

26.     Since Defendants copied the Copyrighted Works to create the Infringing Works, they have extensively marketed and promoted their Infringing Works and, on information and belief, the Infringing Works have generated substantial revenue for Defendants. On information and belief, Defendants continue to market, promote and sell their infringing jewelry.

27.     In fact, after this suit was commenced, and after Defendants were served with the original Complaint, Defendants began sending marketing emails to customers advertising a

"Mystery Opal" product at a substantially discounted price.  Plaintiff caused an order to be placed with Defendants for these "Mystery Opal" items which order was fulfilled with Infringing Works.

28.     As a result of Defendants' actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution, public display and sale of the Infringing Works. Defendants have never accounted to or otherwise paid Plaintiff for their use of the Copyrighted Works.

29.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

**Plaintiff's Additional Copyrighted Works and Defendant's Infringing Conduct**

30.     Between December 2018 and March 2019 Plaintiff's employee, Peter Danby, and in some cases with Plaintiff's former employee, Defendant James Jannuzzio, created the Additional Copyrighted Works as part and within the scope of their employment with Plaintiff. The Additional Copyrighted Works were created in accordance with the directions given by Plaintiff, including within the authorized time and space limits set by Plaintiff, using equipment supplied by Plaintiff, and the motivation in creating the works was to benefit Plaintiff.  Because the Additional Copyrighted Works are works made for hire within the scope of Plaintiff's employees' employment with Plaintiff, Plaintiff owns any and all copyright rights in the Additional Copyrighted Works. A true and correct copy of each of the Additional Copyrighted Works is attached hereto as part of **Exhibits W-Y.**

31.     The Additional Copyrighted Works are original works of authorship created independently and exclusively by Plaintiff, contain original elements and an original selection

4419343v2
091815.70579

and arrangement of elements and are not similar to other works (with the exception of Defendants' Additional Infringing Works which are copied from the Additional Copyrighted Works), and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Additional Copyrighted Works.

32.     Plaintiff is the owner of valid and subsisting U.S. Copyright Registrations for each of the Additional Copyrighted Works, including United States Copyright Registration Nos.:

**TX 9-144-537**, for eCommerce Fulfillment Application, issued by the United States Copyright Office effective on July 15, 2022 (**Exhibit W**);

**TX 9-145-282**, for General Inquiry Application, issued by the United States Copyright Office effective on July 15, 2022 (**Exhibit X**);

**TX 9-148-267** for General Inquiry Application, issued by the United States Copyright Office effective on July 15, 2022 (**Exhibit Y**);

Attached as **Exhibits W-Y** are true and correct copies of the registration certificates for each of the above registration numbers.

33.     Since the creation of each of the Additional Copyrighted Works, the Additional Copyrighted Works have provided Plaintiff with a significant commercial advantage in attracting and engaging clients for the fulfillment and logistics side of its business.

34.     Plaintiff has not authorized Defendants to copy, reproduce, duplicate, disseminate, or distribute any Additional Copyrighted Works or works substantially similar thereto.

4419343v2
091815.70579

35.     Nevertheless, Plaintiff has recently discovered that Defendants have started offering fulfillment and logistics related services and in connection therewith are utilizing a customer intake form which is substantially similar to the Additional Copyrighted Works (the "Additional Infringing Work"). The Additional Infringing Work has been used and displayed as part of Defendants' website hosted at www.tondofulfillment.com. Attached hereto as **Exhibit Z** are screenshots taken of Defendants' website showing the Additional Infringing Work.

36.     Defendants' knowingly and intentionally copied the Additional Copyrighted Works to create the Additional Infringing Work without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

37.     The Additional Infringing Work is substantially similar to the Additional Copyrighted Works as can be seen from viewing and comparing:

Exhibit W, X and Y **vs**. Exhibit Z.

38.     Since Defendants copied the Additional Copyrighted Works to create the Additional Infringing Work, they have extensively marketed and promoted their fulfillment and logistics business utilizing the Additional Infringing Work and, on information and belief, the Additional Infringing Work has generated substantial revenue for Defendants. Defendants continue to market and promote their business utilizing the Additional Infringing Work.

39.     As a result of Defendants' actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized copying, distribution, public display and use of the Additional Infringing Work. Defendants have never accounted to or otherwise paid Plaintiff for their use of the Additional Copyrighted Work.

40.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

4419343v2
091815.70579

**First Cause of Action**
**Federal Copyright Infringement (17 U.S.C. § 501)**

41.     Plaintiff repeats and realleges paragraphs 1 through 40 hereof, as if fully set forth herein.

42.     The Copyrighted Works and Additional Copyrighted Works are original works containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Works and Additional Copyrighted Works. Plaintiff owns valid copyright registrations for each of the Copyrighted Works and Additional Copyrighted Works. Copies of U.S. Copyright Registration Certificates covering the Copyrighted Works and Additional Copyrighted Works are attached as Exhibits A-G and W-Y.

43.     Through Defendants' conduct alleged herein, including Defendants' reproduction, distribution, public display, sale and and/or use of the Infringing Works and the Additional Infringing Work, which are copied from, derivative of and substantially similar to Plaintiff's Copyrighted Works and Additional Copyrighted Works, without Plaintiff's permission, Defendants have directly infringed Plaintiff's exclusive rights in the Copyrighted Works and Additional Copyrighted Works in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

44.     On information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Works and Additional Copyrighted Works, and has enabled Defendants illegally to obtain profit therefrom.

45.     As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant

4419343v2
091815.70579

to <u>17 U.S.C. § 504(b)</u>, Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the Infringing Works and any other products incorporating or embodying the Infringing Works and from profits derived from unlawful use of the Additional Infringing Work, and an accounting of and a constructive trust with respect to such profits.

46.     As a direct and proximate result of the Defendants' infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the Copyrighted Works and Additional Copyrighted Works. Plaintiff therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

<u>**Second Cause of Action**</u>
**Contributory and/or Vicarious Copyright Infringement**

47.     Plaintiff repeats and realleges paragraphs 1 through 46 hereof, as if fully set forth herein.

48.     On information and belief, Defendants, and each of them, knowingly induced, participated in, aided and abetted, and resultantly profited from the illegal reproduction, distribution, public display, sale and use of the Infringing Works and Additional Infringing Work as alleged in this Complaint.

49.     On information and belief, Defendants, and each of them, are vicariously liable for copyright infringement alleged in this Complaint because they had a right to supervise such

infringement and knowingly induced, participated in, directed and caused such infringement, and had a direct financial interest in the infringing conduct.  For example, on information and belief, Defendants Jannuzzio Enterprises, Inc.,  James Jannuzzio, Trevor Nix, Dominic Malizia, Domenic South and Tristen Peters sent photographs of the Copyrighted Works to a jewelry manufacturer in China requesting that reproductions be made of the Copyrighted Works with full knowledge that rights to the original designs did not belong to them and that they did not have permission to copy Plaintiff's designs. Further, each of these Defendants knew that the Additional Copyrighted Works were owned by Plaintiff but participated in copying them to create their own Infringing Additional Work.

50.      On information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Works and Additional Copyrighted Works, and has enabled Defendants illegally to obtain profit therefrom.

51.      As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the Infringing Works and any other products incorporating or embodying the Infringing Works and from profits derived from unlawful use of the Additional Infringing Work, and an accounting of and a constructive trust with respect to such profits.

52.      As a direct and proximate result of the Defendants' infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless

Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the Copyrighted Works and Additional Copyrighted Works. Plaintiff therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Iron Gate Hardware, LLC requests judgment against Defendants, jointly and severally, as follows:

1.      That the Court enter a judgment against Defendants that Defendants have infringed the rights of Plaintiff's federally registered copyrights in violation of Section 501 of the Copyright Act (17 U.S.C. § 501).

2.      Granting an injunction temporarily, preliminarily, and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

(a)      manufacturing, reproducing, distributing, marketing, advertising, promoting, displaying, selling, using or authorizing any third party to manufacture, reproduce, distribute, market, advertise, promote, display, sell or use the Infringing Works, the Additional Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works or Additional Copyrighted Works;

(b)      engaging in any other activity that infringes Plaintiff's rights in its Copyrighted Works or Additional Copyrighted Works; and

15

(c)      aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

3.      That Defendants be ordered to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct, including Defendants' profits from sales of the Infringing Works or profits from sales attributable to use of the Additional Infringing Work and from any products, services, works, or other materials that include, copy, are derived from, or otherwise embody or make use of the Copyrighted Works or the Additional Copyrighted Works.

4.      That Defendants be ordered to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining inventory of the Infringing Works and copies of or electronic files containing the Additional Infringing Work and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works and Additional Copyrighted Works, as well as all means for manufacturing or making them.

5.      That Defendants, at their own expense, be ordered to recall the Infringing Works from any distributors, retailers, vendors, or others that have distributed the Infringing Works on Defendants' behalf, and any products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Copyrighted Works, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

6.      Awarding Plaintiff:

(a)      Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales and other exploitation of the Infringing Works and the Additional Infringing Work and any products, works, or other materials that include,

16

copy, are derived from, or otherwise embody the Infringing Works, the Additional Infringing

Work or the Copyrighted Works or Additional Copyrighted Works, or in the Court's discretion,

such amount as the Court finds to be just and proper;

(b)     damages sustained by Plaintiff as a result of Defendants' infringing conduct, in an

amount to be proven at trial;

(c)     should Plaintiff so elect and be entitled, statutory damages pursuant to 17 U.S.C.

§ 504(c) instead of actual damages or profits; and

(d)     Plaintiff's reasonable attorneys' fees and costs.

7.     Awarding Plaintiff interest, including pre-judgment and post-judgment interest,

on the foregoing sums.

8.     Awarding such other and further relief as the Court deems just and proper.

                                        Respectfully submitted,

Dated:  July 29, 2022                   /s/Michael C. Petock
                                        MICHAEL C. PETOCK, ESQUIRE
                                        Attorney ID No. 93,692
                                        PETOCK & PETOCK, LLC
                                        46 The Commons at Valley Forge
                                        1220 Valley Forge Road
                                        P.O. Box 217
                                        Valley Forge, PA 19481
                                        Telephone No. (610) 935-8600
                                        mp@petocklaw.com



                                        Counsel for Plaintiff Iron Gate Hardware, LLC

4419343v2
091815.70579

# Exhibit A

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-273-792

**Effective Date of Registration:**
October 27, 2021
**Registration Decision Date:**
October 29, 2021



---

## Title

**Title of Work:** Army Mom Necklace

## Completion/Publication

**Year of Completion:** 2020
**Date of 1st Publication:** April 15, 2020
**Nation of 1st Publication:** United States

## Author

**Author:** IRON GATE HARDWARE, LLC
**Author Created:** jewelry design
**Work made for hire:** Yes
**Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** IRON GATE HARDWARE, LLC
578 Rosedale Road, Suite 27, Kennett Square, PA, 19348, United States

## Certification

**Name:** Michael C. Petock
**Date:** October 27, 2021

**Correspondence:** Yes



Army Mom Necklace

# Exhibit B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director



**Registration Number**

## VA 2-274-878

**Effective Date of Registration:**
November 09, 2021
**Registration Decision Date:**
November 09, 2021

---

## Title

**Title of Work:** Blue Opal Caduceus Ring

## Completion/Publication

**Year of Completion:** 2020
**Date of 1st Publication:** March 30, 2020
**Nation of 1st Publication:** United States

## Author

- **Author:** IRON GATE HARDWARE, LLC
  **Author Created:** jewelry design
  **Work made for hire:** Yes
  **Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** IRON GATE HARDWARE, LLC
578 Rosedale Road, Suite 27, Kennett Square, PA, 19348, United States

## Certification

**Name:** Michael C. Petock
**Date:** November 04, 2021

---

**Correspondence:** Yes



Blue Opal Caduceus Ring



# Exhibit C

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-273-409

**Effective Date of Registration:**
October 25, 2021
**Registration Decision Date:**
October 27, 2021

---

## Title

**Title of Work:**   Blue Opal Hand Flying Heart Gesture Necklace

## Completion/Publication

**Year of Completion:**   2020
**Date of 1st Publication:**   April 01, 2020
**Nation of 1st Publication:**   United States

## Author

•   **Author:**   IRON GATE HARDWARE, LLC
**Author Created:**   jewelry design
**Work made for hire:**   Yes
**Citizen of:**   United States

## Copyright Claimant

**Copyright Claimant:**   IRON GATE HARDWARE, LLC
578 Rosedale Road, Suite 27, Kennett Square, PA, 19348, United States

## Certification

**Name:**   Michael C. Petock
**Date:**   October 25, 2021

**Correspondence:**   Yes



Blue Opal Hand Flying Heart Gesture Necklace

# Exhibit D

# Certificate of Registration





This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-285-142

**Effective Date of Registration:**
January 27, 2022
**Registration Decision Date:**
February 02, 2022

## Title

**Title of Work:** Blue Opal Hand Heart Gesture Necklace

## Completion/Publication

**Year of Completion:** 2020
**Date of 1st Publication:** April 01, 2020
**Nation of 1st Publication:** United States

## Author

- **Author:** IRON GATE HARDWARE, LLC
- **Author Created:** jewelry design
- **Work made for hire:** Yes
- **Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** IRON GATE HARDWARE, LLC
578 Rosedale Road, Suite 27, Kennett Square, PA, 19348, United States

## Limitation of copyright claim

**Material excluded from this claim:** jewelry design

**New material included in claim:** jewelry design

## Certification

**Name:** Michael C. Petock
**Date:** January 27, 2022

Page 1 of 1



**Blue Opal Hand Heart Gesture Necklace**



# Exhibit E

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director



**Registration Number**

## VA 2-282-623

**Effective Date of Registration:**
January 14, 2022
**Registration Decision Date:**
January 18, 2022

---

## Title

**Title of Work:** Blue Opal Heart Staff of Asclepius Necklace

## Completion/Publication

**Year of Completion:** 2020
**Date of 1st Publication:** April 15, 2020
**Nation of 1st Publication:** United States

## Author

- **Author:** IRON GATE HARDWARE, LLC
  **Author Created:** jewelry design
  **Work made for hire:** Yes
  **Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** IRON GATE HARDWARE, LLC
578 Rosedale Road, Suite 27, Kennett Square, PA, 19348, United States

## Certification

**Name:** Michael C. Petock
**Date:** January 14, 2022

**Correspondence:** Yes



**Blue Opal Heart Staff of Asclepius Necklace**



# Exhibit F

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director



**Registration Number**

# VA 2-282-628

**Effective Date of Registration:**
January 14, 2022
**Registration Decision Date:**
January 18, 2022

## Title

**Title of Work:** Blue Opal She Believed She Could So She Did Medical Caduceus Necklace

## Completion/Publication

**Year of Completion:** 2020
**Date of 1st Publication:** April 15, 2020
**Nation of 1st Publication:** United States

## Author

- **Author:** IRON GATE HARDWARE, LLC
  **Author Created:** jewelry design
  **Work made for hire:** Yes
  **Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** IRON GATE HARDWARE, LLC
578 Rosedale Road, Suite 27, Kennett Square, PA, 19348, United States

## Certification

**Name:** Michael C. Petock
**Date:** January 14, 2022

**Correspondence:** Yes



**Blue Opal She Believed She Could So She Did
Medical Caduceus Necklace**



# Exhibit G

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director



**Registration Number**

## VA 2-282-626

**Effective Date of Registration:**
January 14, 2022
**Registration Decision Date:**
January 18, 2022

---

## Title

**Title of Work:**   Blue Opal Staff of Asclepius Necklace

## Completion/Publication

**Year of Completion:**   2020
**Date of 1st Publication:**   April 15, 2020
**Nation of 1st Publication:**   United States

## Author

**Author:**   IRON GATE HARDWARE, LLC
**Author Created:**   jewelry design
**Work made for hire:**   Yes
**Citizen of:**   United States

## Copyright Claimant

**Copyright Claimant:**   IRON GATE HARDWARE, LLC
578 Rosedale Road, Suite 27, Kennett Square, PA, 19348, United States

## Certification

**Name:**   Michael C. Petock
**Date:**   January 14, 2022

**Correspondence:**   Yes



**Blue Opal Staff of Asclepius Necklace**



# Exhibit N



Free shipping for orders over $35 us



Home    Collections

Shop Now    About Us

Rewards



0



GET 15% OFF



Free shipping for orders over $40 us

Home    Collections    Shop Now    About Us    Rewards



## Air Force Mom Necklace

★★★★★ 16 Reviews

$32.98  $5.95 Sale

Shipping calculated at checkout.

Pay in 4 interest-free installments for orders over $50 with
shopPay Learn more

Quantity

1

ADD TO CART

Buy with PayPal

More payment options



armedforcesboutique.com/products/navy-mom-necklace?_pos=2&_sid=d8d78ce478&_ss=r

Home    Collections    Shop Now    About Us    Rewards



## Navy Mom Necklace

★★★★★ 11 Reviews

$32.98  $5.95 Sale

Shipping calculated at checkout.

Pay in 4 interest-free installments for orders over $50 with
shopPay Learn more

Quantity

1

ADD TO CART



armedforcesboutique.com/products/coast-guard-mom-necklace?_pos=3&_sid=d8d78ce47&_ss=r

Home    Collections    Shop Now    About Us    Rewards



## Coast Guard Mom Necklace

★★★★★ 7 Reviews

~~$32.98~~   $5.95 Sale

Shipping calculated at checkout.

Pay in 4 interest-free installments for orders over $50 with
**shop** Learn more

Quantity

`1`

ADD TO CART

---



armedforcesboutique.com/products/marine-mom-necklace?_pos=5&_sid=d8d78ce47&_ss=r

Home    Collections    Shop Now    About Us    Rewards



## Marine Mom Necklace

★★★★★ 13 Reviews

~~$32.98~~   $5.95 Sale

Shipping calculated at checkout.

Pay in 4 interest-free installments for orders over $50 with
**shop** Learn more

Quantity

`1`

SOLD OUT

# Exhibit O

Free shipping for orders over $35 ❤️



Home    Shop Now    About Us

Rewards



0



‹

**GET 15% OFF**

# Exhibit P

Free shipping for orders over $35 ❤️



Home    Shop Now    About Us

Rewards



0



‹

**GET 15% OFF**

# Exhibit Q

Free shipping for orders over $35 ❤️



Home     Shop Now     About Us

Rewards



0



‹

GET 15% OFF

# Exhibit R

Free shipping for orders over $35 



Home    Shop Now    About Us

Rewards



‹

GET 15% OFF

# Exhibit S

Free shipping for orders over $35 



Home     Shop Now     About Us

Rewards



**GET 15% OFF**

# Exhibit T

Free shipping for orders over $35 ❤️



Home    Shop Now    About Us

Rewards

0



**GET 15% OFF**

# Exhibit W

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## TX 9-144-537

**Effective Date of Registration:**
July 15, 2022
**Registration Decision Date:**
July 19, 2022

---

## Title

**Title of Work:** eCommerce Fulfillment Application

## Completion/Publication

**Year of Completion:** 2018
**Date of 1st Publication:** December 14, 2018
**Nation of 1st Publication:** United States

## Author

**Author:** Iron Gate Hardware, LLC
**Author Created:** text, compilation of text and terms
**Work made for hire:** Yes
**Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** Iron Gate Hardware, LLC
578 Rosedale Road, Suite 27, Kennett Square, PA, 19348, United States

## Certification

**Name:** Michael C. Petock
**Date:** July 15, 2022

---

**Correspondence:** Yes















6 → **What is your website URL?***
*Description (optional)*

Type your answer here...



7 → **What kind of eCommerce fulfillment describes you best?***
*Description (optional)*

A   Beauty, Health, Wellness and Natural Products
B   Housewares
C   Apparel and Accessory
D   Mobile Accessories, Technology and Electronics
E   Book
F   Food and Beverage
G   Toy, Gift, and Hobby
H   Recordable Media (CDs/DVDs/Etc.)
I   Other

Add choice







10 → **What is the average weight of your product(s)?***
*Description (optional)*

Choose as many as you like

A  1-15.999 OZ
B  1 LB
C  2 LB
D  3 LB
E  4 LB
F  5 LB
G  6 LB
H  7 LB
I  8 LB
J  9 LB
K  10 LB or Greater

Add choice



11 → **Where are the majority of your orders shipped?***
*Description (optional)*

A  Predominantly East Coast
B  Predominantly West Coast
C  Mixture of East & West Coast
D  International

Add choice



12 → What are your average storage requirements (e.g., number of pallet positions, square footage utilized, etc.)\*

*Description (optional)*

Type your answer here...

**Shift ⇧ + Enter ↵** to make a line break

OK ✓   press Enter ↵



13 → What is your average number of orders/month?\*

*Description (optional)*

A  1-25
B  26-50
C  51-100
D  101-250
E  251-500
F  501-1000
G  1001-2500
H  2501-5000
I  5001-10,000
J  10,000 or more

Add choice



# Exhibit X

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director



**Registration Number**

## TX 9-145-282

**Effective Date of Registration:**
July 15, 2022
**Registration Decision Date:**
July 20, 2022

## Title

**Title of Work:** General Inquiry Application

## Completion/Publication

**Year of Completion:** 2019
**Date of 1st Publication:** March 09, 2019
**Nation of 1st Publication:** United States

## Author

**Author:** Iron Gate Hardware, LLC
**Author Created:** new and revised text, compilation of text
**Work made for hire:** Yes
**Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** Iron Gate Hardware, LLC
578 Rosedale Road, Suite 27, Kennett Square, PA, 19348, United States

## Limitation of copyright claim

**Material excluded from this claim:** artwork, previously published text

**New material included in claim:** new and revised text, compilation of text

## Certification

**Name:** Michael C. Petock
**Date:** July 15, 2022

**Correspondence:** Yes

Page 1 of 1















6 → What kind of fulfillment are you looking for?*

*Description (optional)*

A eCommerce
B Subscription Box
C Wholesale
D Startup
E Other

Add choice



7 → Sweet! Help me better understand your operation. What are you selling and to what type of retailers (big box, boutique, etc.) ?*

*Description (optional)*

Type your answer here...

Shift ⇧ + Enter ↵ to make a line break

OK ✓   press Enter ↵







9 → **How many items are typically included in your box(es)?***

*Description (optional)*

A  1-5

B  6-10

C  11-15

D  15+

Add choice



10 → **How often do the contents within your box(es) change?***

*Description (optional)*

A  Every week

B  Every month

C  Every 6 months

D  Every year

E  N/A

Add choice



11 → **Please describe what you are looking for?***

*Description (optional)*

Type your answer here...

**Shift ⇧ + Enter ↵** to make a line break

OK ✓   press Enter ↵



12 → **What kind of eCommerce fulfillment describes you best?***

*Description (optional)*

A  Baby Products

B  Beauty and Cosmetics

C  Books

D  Consumer electronics and accessories

E  Fashion

F  Health and Wellness

G  Natural and Organic Products

H  Pet Products

I  Toys and Games

Add choice







15 → **What is your timeline for finding/changing your order fulfillment provider?***
*Description (optional)*

A  ASAP
B  End of the month
C  2-3 months
D  6 months
E  End of the year
F  Next year
G  Not critical - just exploring what's out there

Add choice



16 → **What is your average number of SKUs?***
*Description (optional)*

A  1-10
B  11-50
C  51-100
D  101-250
E  251-500
F  501-1000
G  1000 or more

Add choice



17 → **What are your average storage requirements (e.g., number of pallet positions, square footage utilized, etc.)\***

*Description (optional)*

Type your answer here...

**Shift ⇧ + Enter ↵** to make a line break

OK ✓    press Enter ↵



18 → **What is the average weight of your product(s)? Please select all that apply.\***

*Description (optional)*

Choose as many as you like

A  1-15.999 OZ
B  1 LB
C  2 LBS
D  3 LBS
E  4 LBS
F  5 LBS
G  6 LBS
H  7 LBS
I  8 LBS
J  9 LBS
K  10 LBS or Greater

Add choice



19 → Let's get more specific to see what carrier makes the most sense.
Please check all that apply towards your total package weight.*

*Description (optional)*

Choose as many as you like

- A  1 OZ
- B  2 OZ
- C  3 OZ
- D  4 OZ
- E  5 OZ
- F  6 OZ
- G  7 OZ
- H  8 OZ
- I  9 OZ
- J  10 OZ
- K  11 OZ
- L  12 OZ
- M  13 OZ
- N  14 OZ
- O  15 OZ
- P  15.99 OZ



20 → What is your average number of items per order?

*Description (optional)*

- A  1
- B  2
- C  3
- D  4
- E  5
- F  6
- G  7
- H  8
- I  9
- J  10+

Add choice



21 → **What is your average number of orders/month?***

*Description (optional)*

| A | 1-25 |
| B | 26-50 |
| C | 51-100 |
| D | 101-250 |
| E | 251-500 |
| F | 501-1000 |
| G | 1001-2500 |
| H | 2501-5000 |
| I | 5001-10,000 |
| J | 10,000 or more |

Add choice



22 → **Do you have B2B sales?***

*Description (optional)*

| Y | Yes |
| N | No |



23 → Do you have B2B sales?*

*Description (optional)*

| Y | Yes |
| N | No |



24 → What percent of your order volume is B2B?*

*Description (optional)*

| A | 0-10% |
| B | 11-20% |
| C | 21-30% |
| D | 31-40% |
| E | 41-49% |
| F | 50% or greater |

Add choice



25 → What percent of your order volume is B2B?*
*Description (optional)*

A  0-10%
B  11-20%
C  21-30%
D  31-40%
E  41-49%
F  50% or greater

Add choice



26 → Are you looking for FBA preparation services only?*
*Description (optional)*

A  Yes
B  No

Add choice







# Exhibit Y

| | |
|---|---|
| **Registration #:** | *-APPLICATION-* |
| **Service Request #:** | 1-11509913496 |

## Mail Certificate

Petock & Petock, LLC
Michael C. Petock
P.O. Box 217
Valley Forge, PA 19481 United States

| | | | |
|---|---|---|---|
| **Priority:** | Special Handling | **Application Date:** | July 15, 2022 |

## Correspondent

| | |
|---|---|
| **Organization Name:** | Petock & Petock, LLC |
| **Name:** | Michael C. Petock |
| **Email:** | mp@petocklaw.com |
| **Telephone:** | (610)935-8600 |
| **Address:** | P.O. Box 217 |
| | Valley Forge, PA 19481 United States |

Registration Number

# *-APPLICATION-*

**Effective Date of Registration:**
July 15, 2022

## Title

**Title of Work:**   General Inquiry Application

## Completion/Publication

**Year of Completion:**   2018
**Date of 1st Publication:**   December 18, 2018
**Nation of 1st Publication:**   United States

## Author

- **Author:**   Iron Gate Hardware, LLC
  **Author Created:**   compilation of text
  **Work made for hire:**   Yes
  **Citizen of:**   United States

## Copyright Claimant

**Copyright Claimant:**   Iron Gate Hardware, LLC
578 Rosedale Road, Suite 27, Kennett Square, PA, 19348, United States

## Limitation of copyright claim

**Material excluded from this claim:**   artwork, previously published and registered text
**Previous registration and year:**   TX0009145282, 2022

**New material included in claim:**   compilation of text

## Certification

**Name:**   Michael C. Petock
**Date:**   July 15, 2022

**Correspondence:**   Yes

**Copyright Office notes:**   Regarding previous registration and material excluded: Registration number
added from Copyright Office records.















6 → **What is your website URL?***
*Description (optional)*

Type your answer here...



7 → **What kind of fulfillment are you looking for?***
*Description (optional)*

A  eCommerce
B  Subscription Box
C  Wholesale
D  Startup
E  Other

**Add choice**











11 → **How often do the contents within your box(es) change?***
*Description (optional)*

| A | Every week |
| B | Every month |
| C | Every 6 months |
| D | Every year |
| E | N/A |

Add choice



12 → **Please describe what you are looking for?***
*Description (optional)*

Type your answer here...

**Shift ⇧ + Enter ↵** to make a line break

OK ✓    press Enter ↵



13 → **What kind of eCommerce fulfillment describes you best?***

*Description (optional)*

A  Beauty, Health, Wellness and Natural Products

B  Housewares

C  Apparel and Accessory

D  Mobile Accessories, Technology and Electronics

E  Book

F  Food and Beverage

G  Toy, Gift, and Hobby

H  Recordable Media (CDs/DVDs/Etc.)

**Add choice**



14 → **What is your average number of SKUs?***

*Description (optional)*

A  1-50

B  51-100

C  101-250

D  251-500

E  501-1000

F  1000 or more

**Add choice**



15 → **What are your average storage requirements (e.g., number of pallet positions, square footage utilized, etc.)?***

*Description (optional)*

Type your answer here...

**Shift ⇧ + Enter ↵** to make a line break

**OK ✓**   press Enter ↵



16 → **What is the average weight of your product(s)? Please select all that apply.***

*Description (optional)*

Choose as many as you like

A  1-15.999 OZ
B  1 LB
C  2 LBS
D  3 LBS
E  4 LBS
F  5 LBS
G  6 LBS
H  7 LBS
I  8 LBS
J  9 LBS
K  10 LBS or Greater

**Add choice**



17 → **What is your average number of orders/month?***

*Description (optional)*

- A  1-25
- B  26-50
- C  51-100
- D  101-250
- E  251-500
- F  501-1000
- G  1001-2500
- H  2501-5000
- I  5001-10,000
- J  10,000 or more

**Add choice**



18 → **Which geographic area(s) best describes your customer base? Please select all that apply.***

*Description (optional)*

Choose as many as you like

- A  Predominantly East Coast
- B  Predominantly West Coast
- C  Mixture of East & West Coast
- D  International

**Add choice**



# Exhibit Z



form.typeform.com/to/jxq4fXsD?typeform-source=tondofulfillment.com



2 → Email address? *

Type your answer here...

OK ✓   press Enter ↵

form.typeform.com/to/jxq4fXsD?typeform-source=tondofulfillment.com



3 → Phone number?

(201) 555-0123

OK ✓   press Enter ↵







form.typeform.com/to/jxq4fXsD?typeform-source=tondofulfillment.com

6 → Who is your current fulfillment provider, and what is your main reason for leaving? *

Type your answer here...

**Shift ⇧ + Enter ↵** to make a line break

OK ✓   press **Enter ↵**



form.typeform.com/to/jxq4fXsD?typeform-source=tondofulfillment.com

7 → What is your timeline for obtaining fulfillment? *

- ☐ ASAP
- ☐ End of the month
- ☐ 2-3 months
- ☐ 3-6 months
- ☐ 6-12 months
- ☐ Next year

OK ✓





form.typeform.com/to/jxq4fXsD?typeform-source=tondofulfillment.com



**10 →** How many unique SKUs do you offer? *

- [ ] 1-10
- [ ] 11-25
- [ ] 26-50
- [ ] 51-100
- [ ] 101-250
- [ ] 250-500
- [ ] 500+

OK ✓

form.typeform.com/to/jxq4fXsD?typeform-source=tondofulfillment.com



**11 →** What are your average storage requirements (e.g., number of pallet positions, square footage utilized, etc.) *

Type your answer here...

OK ✓   press **Enter** ↵

form.typeform.com/to/jxq4fXsD?typeform-source=tondofulfillment.com



12 → Which geographic area(s) best describes your customer base? *

Choose as many as you like

- [ ] Primarily East Coast
- [ ] Primarily West Coast
- [ ] Combination of East & West Coast
- [ ] International - Canada
- [ ] International - Over Seas

OK ✓

form.typeform.com/to/jxq4fXsD?typeform-source=tondofulfillment.com



13 → What is your average monthly order volume? *

- [ ] 1-50
- [ ] 51-100
- [ ] 101-250
- [ ] 251-500
- [ ] 501-1000
- [ ] 1001-2500
- [ ] 2500-5000
- [ ] 5,000-10,000

form.typeform.com/to/jxq4fXsD?typeform-source=tondofulfillment.com



**14 →  What is your average number of items per order? ***

- 1
- 2
- 3
- 4
- 5
- 6-10
- 10+

OK ✓

form.typeform.com/to/jxq4fXsD?typeform-source=tondofulfillment.com

**15 →  What is the average weight of each order? ***

- 1-3 oz
- 4-6 oz
- 7-9 oz
- 10-12 oz
- 13-16 oz
- 1-2 lbs
- 2-3 lbs
- 4-5 lbs







